Mr. Krischke, we'll hear from you first. Good morning, Your Honors. Opposing counsel may please the Court. Scott Krischke for Darrell Ray Sanders. We have also requested to set aside two minutes for rebuttal. Well, you'll have to stop if you want rebuttal, because otherwise the clock will run through. Will do, Your Honor. The primary issue here is that the district court erred in finding that these two very abbreviated one- or two-sentence communications that Mr. Sanders made to the two minors amounted to an attempt to entice them into specific sexual activity. As the government must show a pattern, that is, two or more instances of sexual abuse or exploitation, we will focus primarily on the communication with PH. However, we are just happy to discuss the CB communication as well. As we emphasized in the briefing, and there is a response as well with respect to the government's reply wherein they mischaracterized evidence, particularly repeatedly stating that Mr. Sanders had attempted to get these two minors into his vehicle. There has been absolutely no evidence in the record submitted as to that, simply that he made these communications from his vehicle. The entirety of the communication to PH, which is where we're going to focus right now, is that he generally calls over PH to his vehicle before saying some combination of, get out of here, or you're going to see that, and then immediately drives off. The government contends that this benign communication is enough to establish the offense of attempted sexual enticement of a child. But what the government has never provided throughout this entire case at any point, including when they had the opportunity to present evidence, is an attempt to entice them to do what specifically, particularly with regard to PH? They've never answered that question. They've never provided evidence of his intent to engage PH in specific sexual activity, and they haven't done this because there simply is no evidence that he intended any specific sexual conduct. What about the, and I know there's some problems with this evidence, but the licking the toes thing? I mean, I think it was I want to see your feet versus I want to lick your toes. With licking the toes, if there were evidence of that, would that have crossed the line? Judge, I think that what we had stated as well, and Your Honor, I appreciate that question, because the government did concede in their reply brief that the facts had not been established as to lick the toes versus see the feet. Judge, as we stated in our brief as well, sexual conduct requires sexual contact. And the definition of that sexual contact is that it is a specific intent to be able to touch, inappropriately, illegally, genitals, anus, breasts, if it's a female. Those are the specific definitions that they go to on sexual contact. Feet are not those. Feet are not genitals, feet are not an anus. It's inappropriate, as we pointed out. It's inappropriate as it may have been. Seeing feet, licking toes, again, the government does concede that that statement was not proven up. Is, again, as we stated, very creepy, very inappropriate, but nevertheless, it doesn't cross into that line. And that's the issue we have here. Is this- What about his comments to, Sanders' comments to Detective Stieber the next day, where he said he was close to acting on his thoughts, which, you know, seems like that might get you there. Why can't that be considered? Well, I think it can be considered. I think that the context, though, in which he says it is, he says, you know, I don't know what I would have done. If they had come up to the car, I don't know what would have happened. He denied intending to have any sexual contact with children. He spoke about bad thoughts that he had, and that was why he was viewing the child pornography here in this case. But at the end of the day, when he says that was so close, I think that what he was talking about is that was so close of him doing something illegal. And being close to doing something illegal, an attempt, is not committing that intent. And that's really at the heart of this case, is that the government wishes to be able to have effectively bad thoughts equal an offense. So this is- You keep saying that, but he did take an action, multiple actions, to try to get these girls into the van. Well, again, Your Honor, and- He wasn't just driving some other part of town thinking bad thoughts. I mean, he came, circled the school, as I understand it. So Judge, two things about that in terms of the facts. Why couldn't the court infer that if he'd been able to get them into the car, he would have proceeded further? Well, two things to that, Judge, as to the facts, Chief, is that primarily, again, there has never been any evidence whatsoever he's attempting to get them into the car. These are simply verbal communications from the window of the car that, within a matter of seconds, he drives away. So there's- Go ahead. And he's in this area here, Judge, not because he targeted that area. He, as the facts show, was working on a painting house job in that area. And he'd gotten off of work, this is what he told the police as well, when he is driving around. And again, Your Honor, I think that's really where we go. We have to look at the specific intent of the communication. And saying, generally, come over to the car before saying, get out of here, you're going to see that. These are extremely vague communications. And what the government would want the court to apply here is that, effectively, anybody who would have bad thoughts, is what he had later said to police in his interview. Something in the back of his head, before denying that he ever intended on doing anything, is that anybody who would therefore have those bad thoughts and had any benign communication with any child, so at any point, would therefore be in the government's mind attempting to entice those children, despite never- Well, there's a little more from which the district court could have drawn inferences, right? The district court identifies a number of things. He's driving a blue minivan. That's a vehicle that is one more likely to be used in the abduction of a child, perhaps. You have the fact that he's driving around a block where the school is. You have the contact with the children itself. You have the comments that are ambiguous, but might be of a sexual nature. You have the later admissions that there's bad thoughts. That seems like a lot of kind of circumstantial evidence. And usually, we let courts at sentencing, where the burden of proof is simply to the weight of the evidence, to draw an inference that he's trying to get those kids in that car for the purposes of sexual abuse. So, again, Your Honor, this is not about somebody actually trying to get somebody into the car. He's communicating with them from this vehicle. It's a matter of seconds. I understand what Your Honor is saying. The issue is, do these things amount to that substantial step, right? So if, again, I think one of the most analogous cases that we've seen here came from the Sixth Circuit. This was United States v. Bishop, where the defendant in that case is explicitly propositioning multiple teenagers for sex. He's passing them notes. He's giving his address. He's giving his phone number. He's even saying the explicit sexual act he wants to do. That, rightfully decided, was considered to be an attempt to entice a minor. Here, we have somebody who says, generally, hey, come here, get out of here. You're going to see that, and then leaves. Doesn't open the car door, doesn't come out of the vehicle, doesn't state anything. There's nothing overtly sexual about that. There's not even any sexual innuendo in that communication. That's what we really have to look at, that substantial step where he is specifically intending to do that. Your Honor, I do note that I'm within the two minutes I would request to reserve time for rebuttal. Could I just ask one question? Standard or view? We're all talking about the standard or view clear error of the district court's findings? As to the facts, establishing the facts, it's clear error, Your Honor. It's de novo when it comes to the application of the guidelines. So do you think what we're talking about here is de novo, clear error or not? I mean, the facts don't really seem to be in dispute, so you would argue it's de novo, I guess? This is a de novo review of the facts as they apply, and I would request the additional time for rebuttal. What's the standard review on the district court's finding about the defendant's intent? As to the intent, I believe that that would go to the guidelines, and that would be a de novo review. You don't think his intent is a factual question? I think that it would be factual as it relates to the facts that are in the record, but as they apply to this particular enhancement, it would be de novo. Thank you, Your Honor. Mr. Clough, we'll hear from you. Thank you, Your Honor. May it please the court, Jonathan Clough for the United States. I'd like to start where Judge Strauss and Judge Colleton just left off with appellant. The standard review here is clear error, Your Honor. The question before this court is whether or not the district court clearly erred when it found by a preponderance of the evidence at sentencing, based on the unobjected to facts in the PSR and the testimony that was received at sentencing, whether Sanders attempted to entice two young minor girls. And based on the unobjected to facts, the testimony that was received at evidence, the district court could reasonably infer that Sanders had the intent to entice these young girls and took a substantial step towards doing so, no later than when he drove up to them in his van after circling the area, approached them, engaged them in conversation, and had evidence of sexual interest. Let me ask you this. So I'll tell you exactly what I'm struggling with on this one, even on clear error review. So my struggle is the district court could certainly infer from other behavior that, and it was a substantial step or an attempt at enticement, certainly. But I'm not sure the district court can infer based on an erroneous fact, right? I mean, the government has now conceded, I think rightfully so, that he did not ask to lick her toes. He asked to see her feet. And so if that inference was made based on the fact of the lick her toes, which is untrue, shouldn't the district court have a chance to fix it and to say whether, you know, seeing her feet would have led to the same result? There's no indication, Your Honor, that the district court's decision did hinge on that fact. And I think that's important. I agree that there's nothing in the record to support the lick her toes comment. But frankly, whether it's lick her toes or see her feet is beside the point. The point is that based on the entirety of the facts, the majority of which are unobjected to, the district court could reasonably infer that Sanders had this intent and took the substantial step towards enticing them. The specific words of licking toes or seeing feet are immaterial to that. How do we know that, though? I mean, because licking feet, from what I understand, is a more sexual thing for people who do that. We don't have to talk too much about that. Seeing her feet, it's creepy. It's weird, weird stuff. But I don't get the sense that that's quite as sexual as everything else. So is there something that is in the record that leads us to believe that maybe the district court would have reached the same conclusion, regardless of what he said? I think it's based on the totality of the circumstances, Your Honor. I will note that the district court incorporated the PSR as its findings of fact. That's on page 21 of the sentencing transcript. And the addendum to the PSR, in responding to appellant's objections below, set forth that based on the statements that were attributed to the minors and the admissions of Sanders, as well as the surrounding conduct, that all supported findings that he attempted to entice both under state and federal law. And I think based on that, the distinction between lick her toes and see her feet is simply immaterial. The district court never made any statement to say that he thought that that finding hinged on that. And given the body of evidence that's unobjected to here, that's uncontested, that that finding was proper, based on the record. This is a situation where, as Judge Erickson pointed out, this is an individual in a minivan circling an area in an April afternoon as school is letting out, circling the area of an elementary school. He, during, for at least 26 minutes, based on the record, although it certainly could have been longer, he approaches a minor girl who's age eight, tells her to come to the van, says something to the effect of, let me see that, or you're going to see that. He approaches another girl in the van, age 11, asks to see her feet, admits possibly offering to pay for it, which I also think takes us a bit further than just, again, speaks to the sexual nature of his interest at that time, the step he was taking to try and get her to engage in sexual activity. Obviously, the girls were uncomfortable enough that they reported it to their parents. There was also a third girl that observed the appellant circling the area in the same minivan. She was age 12, and she herself became so uncomfortable because she observed the appellant circle the area multiple times and stop for a prolonged period at a stop sign near her. The next day, the appellant admits that he has child pornography. He, in fact, has child pornography in possession on two of his devices. That child pornography has images of prepubescent girls of the same approximate age as the 8 and 11-year-old that he approached the day prior. He, when asked if he has urges for these younger girls, he admits that he has, quote, bad or wrong thoughts. I respectfully disagree with counsel that wrong thoughts is anything more than sexual thoughts. He is asked specifically, do you have urges? And while he won't go that far, I think a fair inference that the court could make is that the appellant is minimizing here, is trying to make his conduct appear, his urges appear less concerning. But the point being, Your Honor, is wrong or bad thoughts is sexual thoughts. When he asked if he acts on those thoughts, he says it's a close call. As Chugs Erickson pointed out, he admitted feeling excited and scared. He admitted to engaging in online role playing, simulated online role playing with younger girls. And he admitted that he didn't know what he would have done had the girls actually approached the van as he told one of them to do. Based on all of those facts, Your Honor, the district court could infer that appellant both had the intent to entice these young girls, notwithstanding the fact that there was nothing explicitly sexual in telling one to come to the van or asking to see the feet of the other one. And certainly by a preponderance of the evidence standard, the district court could reasonably infer that this is what the appellant was intending to do, that he was initiating a conversation for the purpose of engaging those minors in sexual activity. Appellant counsel faults the government for not positing a specific illegal activity that Sanders was attempting to engage these minor girls in. That's immaterial, Your Honor. The district court did not need to be educated on the fact that any sexual activity or conduct between someone in their 20s and girls who are under the age of 12 would have been illegal under Missouri law. Whether it's sexual misconduct or sexual contact, that's beside the point. And there's no case in this circuit that I've been able to identify, but at least three other circuits have indicated that even when we're at the trial stage for convictions of enticement, the specific illegal activity underlying enticement is not an element of the offense, it's a means of the offense. Juries do not have to be unanimous on that finding. And I think it follows from that that the district court did not have to find a specific illegal activity. But the sexual activity that Sanders was proposing or attempting to persuade these young girls to engage in, the point is that he was, the court could infer from these facts that he was in fact intending and attempting to engage them in illegal sexual activity. But you do have to show a pattern, I mean, of sexual activity, right? And so, you need to run the tables, what I'm saying, on both of these independent incidents. I don't disagree with that, your honor. Yeah. And I will just note, just to be clear, appellant on appeal is not challenged whether or not these are, in fact, two separate instances. No, I understand. I was just pointing out that you have to have two separate instances. I get that. I agree with your honor. But I think the fact that there are two separate instances actually reinforces what the appellant's intent was here. And the fact that he was taking a substantial step by approaching them and engaging them in conversation. The fact that the appellant was thankfully rebuffed by the first girl that he approached, and nonetheless continued to, at least for a period of time, circle the area, and then approached another one. And either asked them to approach the van or to see their feet and offer to pay them for it. I think reinforces that the appellant had the intent to entice them. I also agree to go to what Judge Colleton said before, that there are multiple actions, multiple substantial steps that the appellant could have taken here, that did take here, and that the district court was right to find by preponderance that the appellant did take a substantial step. While there's no, while most, I agree with appellant that most of the cases in this circuit deal with a factually inapposite situation where there's initially a chat between the defendant and the minor online. The act of circling the area of the elementary school, stopping at a stop sign for a prolonged period of time, driving up to two specific minor girls, engaging them in conversation, all while having the intent to engage in sexual activity. Having sexual interest in those girls, as appellant admitted when he was interviewed by law enforcement the following day. All of those support that he was taking a substantial step when he approached those minor girls. This was, the appellant was engaging in targeting behavior. He was circling the area. He was looking for, I think a fair inference is that he was looking for minor girls. And I don't think it would be unfair to say that driving up to girls and engaging them in conversation with evident sexual interest is only mere preparation. He took a substantial step. It was necessary for the eventual consummation of enticement. It strongly corroborated his intent to commit the offense. And I agree with Judge Collison when he's opposed question to appellants that there were multiple actions that would potentially be substantial steps here. I see my time has expired, so for all these reasons and all the others discussed, I would ask the court to affirm. Very well, thank you for your argument. We'll hear rebuttal. Mr. Krischke. Thank you, your honors. Just to clear up a few of the things that were just discussed here. Whether the district court correctly applied the enhancement, which is the plus five here, that is reviewed de novo. And that's what we're asking the court to do, not whether there's clear error. I think that the reason why the government is focusing on clear error is they realize the lack of specificity of any of these communications. Also, your honor, the pay her for it, that was one of the objective two facts that was not established as well. Your honor, just to get away from the inflammatory aspect of this, this is an inflammatory case involving minors, let's put it on a different path here. Let's say it's bank robbery. Let's say there's an individual who is considering robbing a bank. He is having thoughts about robbing that bank. He's watching movies about bank robberies. He goes into a bank and he's looking around, looking at the different cameras here. He feels excited and scared by this. But then ultimately, just as Mr. Sanders, leaves within seconds and does nothing beyond that. That is analogous to where we're at right now. That's analogous to what the government wants to effectively have this court find a rule that there is an attempt to commit bank robbery. There's an attempt to commit enticement when all we're talking about, Judge, are thoughts and benign communications. Very well, thank you for your argument. Thank you, your honor. Thank you to both counsel, the case is submitted and the court will file a decision in due course.